UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

GERALD COVELL,

        Plaintiff,                     Civil Action No. 14-13033
                                       Honorable Thomas L. Ludington
            v.                  Magistrate Judge Elizabeth A. Stafford

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

        Defendant.
_____/

## REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [R. 15, 19]

## I.    INTRODUCTION

        Plaintiff Gerald Covell appeals a final decision of Defendant

Commissioner of Social Security ("Commissioner") denying his application

for Disability Insurance Benefits ("DIB") under the Social Security Act (the

"Act").  Both parties have filed summary judgment motions [R. 15, 19],

which were referred to this Court for a Report and Recommendation

pursuant to 28 U.S.C. § 636(b)(1)(B).  After review of the record, the Court

finds that the administrative law judge's ("ALJ") step-five transferability

analysis is not supported by substantial evidence.  For these reasons, the

Court **RECOMMENDS** that Covell's motion [R. 15] be **GRANTED**, the

Commissioner's motion [R. 19] be **DENIED**, and the Commissioner's

decision be **REVERSED** and this matter **REMANDED** for further factual

findings pursuant to sentence four of 42 U.S.C. § 405(g).

## II.   BACKGROUND

### A.   Covell's Background and Claimed Disabilities

At the time of the administrative hearing, Covell was a 52-year-old

high school graduate who previously worked for an automotive glass

manufacturer for 21 years, the last 11 of which as an assembly line trainer.

[R. 10-2, Tr. 31-33; R. 10-6, Tr. 163-64, 181].  He has not worked since

taking a buy-out in 2008.  [R. 10-2, Tr. 34].  Covell alleges disability based

on diabetes and neuropathy.  [R. 10-6, Tr. 180].

### B.   Procedural History

Covell filed his application for DIB in December 2011, alleging

disability as of January 1, 2011.  [R. 10-5, Tr. 144-45].  The claim was

denied initially, and he filed a timely request for an administrative hearing.

[R. 10-4, Tr. 67, 78].  Covell and a vocational expert ("VE") testified at a

hearing before an ALJ on April 18, 2013.  [R. 10-2, Tr. 26-46].  In an April

24, 2013 written decision, the ALJ found Covell not disabled.  [*Id.*, Tr. 15-

22].  On April 28, 2014, the Appeals Council denied review, making the

ALJ's decision the final decision of the Commissioner for purposes of this

review.  [*Id.*, Tr. 4-8].  Covell subsequently filed for judicial review.  [R. 1].

### C.    The ALJ's Application of the Disability Framework

DIB are available for those who have a "disability."  *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps.  First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled.  20 C.F.R. § 404.1520(a)(4).  Second, if the claimant has not had a severe impairment or a combination of such impairments for a continuous period of at least 12 months, no disability will be found.  *Id.*  Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled.  *Id.*  If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity ("RFC"), and will find the claimant not disabled if he or she can still do past relevant work

3

("PRW"). *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Following the five-step sequential process, the ALJ concluded that Covell was not disabled. At step one, he found that Covell had not engaged in substantial gainful activity since his alleged onset date. [R. 10-2, Tr. 17]. At step two, he concluded that Covell had the following severe impairments: diabetes, peripheral neuropathy, and obesity. [*Id.*]. At step three, the ALJ determined that Covell's impairments did not meet or medically equal the severity of any enumerated listing, including Listings 9.00 and 11.14. [*Id.*].

Between steps three and four, the ALJ assessed Covell's RFC, finding him capable of performing sedentary work except that he can never climb ladders, ropes, or scaffolds; can only occasionally climb ramps, climb stairs, balance, stoop, kneel, crouch, or crawl; and must avoid concentrated exposure to humidity, excessive vibrations, extreme cold or heat, unprotected heights, or dangerous, unprotected machinery. [R. 10-2, Tr.

4

18].

At step four, the ALJ found that Covell could not perform any PRW. [R. 10-2, Tr. 20]. Relying on testimony of the VE expert, the ALJ determined at step five that based on his age, education, work experience and RFC, Covell could perform the following occupations with jobs existing in significant numbers in the national economy: informational clerk, telephone solicitor, and order filler. [*Id.*, Tr. 21]. In making this determination, the ALJ found that Covell acquired "clerical skills" and "expressive and receptive communication skills" from PRW that were transferable to those occupations.[1] [*Id.*, Tr. 20-21].

## III.   ANALYSIS

### A.   Standard of Review

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is

---

[1] Covell would have been considered automatically disabled if he had no transferable skills from past work. *See* 20 C.F.R. pt. 404, subpt. P, app'x 2, Rule 201.14 of Table No. 1 (providing that an individual who is over 50 years old, is limited to sedentary work, has a high-school education, and has no transferable work skills is automatically considered disabled); *But see id.*, Rule 201.15  (providing  that a similar individual  who  has transferable  skills is not automatically disabled).

5

"more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted).  Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence.  *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).  "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

### B.   The ALJ's Step Five Finding is Not Supported by Substantial Evidence

The only issue on appeal is whether substantial evidence supports the ALJ's step-five finding that Covell acquired skills from PRW that were transferable to other occupations with jobs existing in significant numbers in the national economy.

A claimant is considered to have transferable skills when skilled or semi-skilled work activities that he performed in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs

6

or kinds of work.  20 C.F.R. § 404.1568(d)(1); *see also Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855-56 (6th Cir. 2010).  Covell argues that the ALJ's transferability finding is undermined because the job code and job titles the VE and ALJ refer to for his PRW do not exist in the Dictionary of Occupational Titles ("DOT").

During the hearing, the VE testified that Covell PRW was a "trainer for automotive automated assembly," which corresponded with DOT code 689.324-023.  [R. 10-2, Tr. 42].  The VE testified that, based upon that PRW, Covell had "clerical skills that would be transferable across all industry lines," and he could perform jobs such as information clerk, telephone solicitor and order clerk.  [*Id.,* Tr. 43-44].  Covell argues that the DOT number and automotive trainer title the VE cited in his testimony do not exist.  [R. 15, PgID 307].  The Commissioner concedes this point.  [R. 19, PgID 331].  This is reversible error.

The Commissioner had the burden to demonstrate that Covell had transferable skills.  *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110, 1111 (6th Cir. 1994).  That burden has not been satisfied because the VE's analysis of Covell's transferable skills is premised on a made-up job classification.  "An illusory definition in the DOT cannot be relied upon . . . ."  *Burnett*, 220 F.3d at 124.  The Court agrees with the

7

Commissioner that *Burnett* is distinguishable, but not in a meaningful way. The ALJ in *Burnett* relied on a made-up DOT job description to contradict the claimant's testimony regarding her PRW, and found that the claimant could perform her PRW as described in the made-up definition. *Id.* at 123-24. The ALJ's reliance in this case on a made-up DOT job description to determine that Covell had transferable clerical skills is equally erroneous.

Further, the error was not clearly harmless because Covell's testimony regarding his PRW did not obviously describe clerical work that is transferable across all industry lines. Covell testified that, from 1998 to 2008, he did "general assembly and office training coordination" for the "younger generation" of assembly workers, and that his job responsibilities included training new employees on how to operate the manufacturing robots and how to use them to assemble products. [R. 10-2, Tr. 31-32]. He further explained his position to be that of "a training coordinator, a classroom teacher," and that he was "[b]ehind a desk, chalkboard, so on and so forth" for a majority of the day. [*Id.*, Tr. 32]. Covell stated that he worked in a manufacturing plant that "assembled stickers to glass to be able to put in cars and it was a fast assembly line and I trained the people o[n] where to put the stickers, how to adjust the stickers and to make sure they stayed on there and pull-tested." [*Id.*, Tr. 33]. Without the VE's

8

supposed expert testimony, the ALJ would not have had a basis from this testimony to determine that he had transferable clerical skills across all industry lines.

Ordinarily, the ALJ would have been entitled to rely upon the VE's testimony regarding transferable skills. *Kyle,* 609 F.3d at 855. However, here, the VE relied upon an illusory definition, so his testimony cannot be considered substantial evidence for the ALJ's determination that Covell had transferable clerical skills. *Burnett*, 220 F.3d at 124. Further, while the Commissioner is correct that "the ALJ and consulting vocational experts are not bound by the Dictionary in making disability determinations because the Social Security regulations do not obligate them to rely on the Dictionary's classifications," *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003), the VE in this case *did* ostensibly rely upon the DOT classification. *Wright* did not give a VE permission to make up a DOT classification, or deem an ALJ's reliance on such erroneous testimony harmless.

For these reasons, the Court finds that this matter should be remanded for the ALJ to reconsider whether Covell acquired clerical skills from his PRW, and, if not, whether there are jobs existing in significant numbers in the national economy that Covell could perform despite the fact

9

that his only transferable skill is the ability to communicate expressively and

receptively.[2]

## IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Covell's

motion [R. 15] be **GRANTED**, the Commissioner's motion [R. 19] be

**DENIED**, and the Commissioner's decision be **REVERSED** and this matter

**REMANDED** for further factual findings pursuant to sentence four of 42

U.S.C. § 405(g).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 27, 2015

## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

---

[2] Contrary to Covell's argument, his ability to communicate expressively and receptively, which he developed as a trainer over eleven years, is a skill that is transferable.  *See Kyle*, 609 F.3d at 857 (finding that, where the VE opined that the claimant had a "learned skill of interacting with people," claimant's capabilities were appropriately categorized as skills rather than a simple aptitude for responding appropriately to coworkers.); *Parrott v. Astrue*, 493 Fed. Appx. 801, 805 (7th Cir. 2012) (concluding that the "advanced communication and supervisory skills" that claimant developed as a park-district director were skills).

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

11

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 27, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager